# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **INTELLIGENT AGENCY, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO.: 4:20-cv-185** |
| **v.** | **JURY TRIAL DEMANDED** |
| **7-ELEVEN, INC.,** | |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement, in which Intelligent Agency, LLC ("Intelligent Agency" or "Plaintiff") makes the following allegations against 7-Eleven, Inc. ("7-Eleven").

## PARTIES

2.      Plaintiff Intelligent Agency is a Texas limited liability company having its primary office at 4507 Byron Circle, Irving, TX 75038-6324. The owner of Intelligent Agency is Mr. Federico Fraccaroli.

3.      On information and belief, Defendant 7-Eleven is a Texas corporation having a principal place of business at 3200 Hackberry Road, Irving, Texas 75063.  On information and belief, the registered agent for service of process in Texas for 7-Eleven is CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. On information and belief, 7-Eleven maintains at least one regular and established place of business in this Judicial District and has committed acts of patent infringement in this Judicial District by using, selling and/or offering for sale infringing instrumentalities to customers in this Judicial District.

6.      7-Eleven is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their presence and substantial business in this forum, including: (i) maintaining a physical presence in this forum; (ii) committing at least a portion of the infringements in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**FACTUAL BACKGROUND RELEVANT TO ALL CAUSES OF ACTION**

7.      Federico Fraccaroli is an American technologist, inventor, author, and entrepreneur.  Mr. Fraccaroli has been recognized for his innovations and contributions to the body of technical knowledge.  This recognition includes, but is not limited to, the publication of Mr. Fraccaroli's technical articles in prestigious international technical journals, as well as well-attended public events featuring Mr. Fraccaroli as a speaker. Recently, one of Mr. Fraccaroli's innovative projects was named as a finalist for the Innovation Award at SXSW® 2018, one of the most prominent events in the U.S showcasing emerging technologies.

8.      Mr. Fraccaroli's recent technical publications include:

- *Wearable Electronics Directional Augmented Reality*, University Booth, Proc. of IEEE Design, Automation and Test in Europe, Lausanne (CH), Mar. 28-30, 2017;

- *Demo Abstract: Low-Complexity Eyewear System for Direction-based Augmented Reality Applications*. Proc. of ACM Conf. on Embedded Network Sensor Systems (SenSys), Delft (NL), Nov. 5-8, 2017; and

- *A System C-based Simulator for Design Space Exploration of Smart Wireless Systems*, Dresden (DE), Proc. of IEEE Design, Automation and Test in Europe, Mar. 19-23, 2018.

9.      Mr. Fraccaroli is the named inventor of a variety of patents on novel and innovative inventions across a variety of technological fields, including telecommunications,

location-based services, augmented reality, and embedded systems.  His inventive activity spans more than twenty years. Some of Mr. Fraccaroli's inventions from the nineties have proven essential to certain location-based services.

10.    Mr. Fraccaroli's patent portfolio includes, in relevant part:

- United States Patent No. 9,286,610, issued March 15, 2016, entitled "Method and Apparatus for a Principal / Agent Based Mobile Commerce" (the "'610 Patent");

- United States Patent No. 9,439,035, issued September 6th, 2016, entitled "Method, System and Apparatus for Managing Attributes and Functionalities of Areas Exhibiting Density of Users" (the "'035 Patent"); and

- United States Patent No. 9,894,476, issued February 13, 2018, entitled "Method, System and Apparatus for Location-Based Machine-Assisted Interactions" (the "'476 Patent").

11.    The '610 Patent, '035 Patent and '476 Patent (hereinafter, collectively, the "Intelligent Agency Patents") are valid and enforceable in all respects, and are attached as exhibits A, B and C to this Complaint.

12.    The disclosure and claims of the '610 Patent are directed to a variety of methods, systems, and tools for facilitating mobile commerce based on an agent's proximity to certain users and locations.

13.    Specifically, the '610 Patent is directed to a machine implemented method for facilitating a prospective business transaction involving a principal, an agent, and a user.  The claimed method comprises, in part: at least partially causing the generation of indicia that a first mobile equipment associated with a user digital identifier, and a second mobile equipment, that is associated with an agent digital identifier, meet a location based criterion, as determined by using at least one microprocessor.

14.    Generation of location-related indicia under the '610 Patent is regulated by a number of factors, including at least: an agent-user matching algorithm using predefined data selected from the group consisting of data indicating a proclivity of the user toward predetermined business transactions, data related to terms of said prospective business transaction, wherein the terms are controlled by the principal, data related to parameters associated to the prospective business transaction, wherein the parameters are controlled by the principal, data related to a brand that is associated with the agent, data related to preferences associated with the user, wherein the preferences are controlled by the user, data related to user

generated keywords indicating an explicit interest toward a predefined product, data related to user generated keywords indicating an explicit interest toward a predefined service, data related to patterns associated with the user, data related to attributes associated with the user, data related to locations associated with the prospective business transaction, wherein the locations are controlled by the principal, and combinations thereof.

15.     Finally, the method set forth and claimed in the '610 Patent involves generation of a principal-controlled participation condition associated with the agent digital identifier wherein the principal-controlled participation condition selectably enables the second mobile equipment, associated with the agent digital identifier, to participate to the machine implemented method.

16.     The disclosure and claims of the '035 Patent are directed to a variety of methods, systems, and tools relating to analytics pertaining to the permanence of users within and around a session area.

17.     According to at least one claimed embodiment, the claimed invention is a computer system having a set of instructions stored in at least one non-transitory computer-readable medium for controlling at least one digital computer in performing desired functions comprising a set of instructions formed into each of a plurality of modules.

18.     Each of the modules comprises a set of processes.  The processes include a process for at least partially facilitating compiling by a computer apparatus a set of attributes related to a first user who belongs to a predetermined group and is determined to be positioned in proximity to other users who also belong to the predetermined group, whereby a set density of members of the predetermined group is achieved.

19.     The set of processes also includes at least a process for facilitating the providing of indicia, subject to the first user's settings, of at least one subset of the set of attributes related to the first user to at least a second user.  The second user is selected from the group consisting of: a user who contributes to achieving set density of members of the predetermined group, a user who does not contribute to achieving set density of members of the predetermined group. The subset of the set of attributes comprises a real-time presence attribute associated with a session area.

20.     The disclosure and claims of the '476 Patent are directed to a variety of methods, systems, and tools for at least partially enabling a set of functionalities and attributes associated

to an area for facilitating business transactions, networking activities, or social interactions of users who are within, proximate, or associated, at least provisionally, with the area.

21.     According to one claimed embodiment, the '476 Patent is directed to a method comprising facilitating discovery of indicia of a session area via a location aware mobile application.

22.     The session area has specific attributes.  It is anchored to at least one reference point, exhibits at least one first set of spatial boundaries associated with the at least one reference point, and is associated with at least one time-related parameter defining at least one functionality connected with said session area.

23.     The discovery of indicia of the session area is facilitated, at least in part, based on assessment of distance data from the at least one reference point.

24.     The claimed method further comprises the steps of facilitating association with the session area of at least one user among a first plurality of users based, at least in part, on a distance parameter from the at least one reference point, and facilitating selectively enabling the activation of a second plurality of users by an authority, wherein said activation facilitates the association of said second plurality of users with said first plurality of users.

25.     At least one interactive networking functionality for the at least one user among the first plurality of users is enabled.  The at least one user among the first plurality of users selectively receives indicia of at least one user among the second plurality of users.

26.     The method further comprises facilitating determining which user among the second plurality of users has the strongest connection with the reference point based, at least in part, on that user's location, and facilitating activating a timer associated with the one user among the second plurality of users such that if a task is not accomplished by the one user among the second plurality of users within the expiration of the timer, an association with the at least one user among the first plurality of users is inhibited, at least temporarily, and thus the quality of interactions between the first plurality of users and the second plurality of users is regulated.

27.     Finally, the method comprises facilitating providing guidance indicia to the one user among the second plurality of users to facilitate a meeting with the at least one user among the first plurality of users.

28.     On information and belief, Defendant 7-Eleven, Inc. is the largest chain in the convenience-retailing industry, operating, franchising and/or licensing more than 68,000 stores in 17 countries, including 11,800 in North America.

29.     7-Eleven operates a service-delivery business under the brand name "7NOW," using a variety of instrumentalities including a website at http://delivery.7-eleven.com, a networking method, a networking system, downloadable mobile applications (including the "7NOW Mobile App" and "7-Eleven Mobile App," collectively, the "7-Eleven Apps") and a network of devices having the 7-Eleven Apps installed thereon, all interacting with a computer network operated by 7-Eleven (the "7-Eleven Network," and collectively, the "7-Eleven Infringing Instrumentalities").  The 7NOW Mobile App and 7-Eleven Mobile App are available from the Apple App Store and Google Play.

30.     According to promotional materials published by 7-Eleven, the company introduced mobile application-based delivery in late 2017, when it began testing the service at select stores in Dallas.  According to 7-Eleven, 7NOW is available in 27 major metropolitan areas, including the Dallas-Fort Worth area, including more than 200 cities and serving more than 23 million households.

31.     The 7NOW Mobile App operates in connection with a set of geographically-fixed locations known as "7NOW Pins."  Using the 7NOW Pins, customers may order the 7NOW delivery service to parks, beaches, sports fields, entertainment venues and other public locations that may not have traditional addresses.  According to promotional materials published by 7-Eleven, the technology behind 7NOW Pins is considered "proprietary technology" of 7-Eleven.

32.     To order delivery to a 7NOW Pin, shoppers open the 7NOW Mobile App, which auto locates the shopper's current location or shows the nearest 7NOW Pin on the interactive map of the 7NOW Mobile App.  Each 7NOW Pin identified within the 7NOW Mobile App corresponds to a public place or space where a customer can receive the delivery.  After the customer's order is placed via the 7NOW Mobile App, the 7-Eleven System will identify a courier agent in the local vicinity and a 7-Eleven location in the local vicinity.  The courier agent selected by, and under the control of, 7-Eleven will pick up the order from the selected 7-Eleven location in the local vicinity and deliver it to the selected 7NOW Pin location or specified address.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,286,610

33.     Plaintiff is the owner by assignment of the Intelligent Agency Patents, including all rights to recover for past, present and future acts of infringement.

34.     On information and belief, the 7-Eleven Infringing Instrumentalities incorporate a machine implemented method for facilitating a prospective business transaction involving a principal, an agent, and a user.  The method comprises, in part: at least partially causing the generation of indicia that a first mobile equipment associated with a user digital identifier, and a second mobile equipment, that is associated with an agent digital identifier, meet a location based criterion, as determined by using at least one microprocessor.

35.     On information and belief, generation of location-related indicia within the 7-Eleven Infringing Instrumentalities is regulated by a number of factors, including at least: an agent-user matching algorithm using predefined data selected from the group consisting of data indicating a proclivity of the user toward predetermined business transactions, data related to terms of said prospective business transaction, wherein the terms are controlled by the principal, data related to parameters associated to the prospective business transaction, wherein the parameters are controlled by the principal, data related to a brand that is associated with the agent, data related to preferences associated with the user, wherein the preferences are controlled by the user, data related to user generated keywords indicating an explicit interest toward a predefined product, data related to user generated keywords indicating an explicit interest toward a predefined service, data related to patterns associated with the user, data related to attributes associated with the user, data related to locations associated with the prospective business transaction, wherein the locations are controlled by the principal, and combinations thereof.

36.     On information and belief, the method performed by the 7-Eleven Infringing Instrumentalities involves generation of a principal-controlled participation condition associated with the agent digital identifier wherein the principal-controlled participation condition selectably enables the second mobile equipment, associated with the agent digital identifier, to participate to the machine implemented method.

37.     7-Eleven has, either directly or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents, used, operated,

provided, supplied, distributed, offered for sale, sold, and/or provided access to the 7-Eleven Infringing Instrumentalities.

38.     The 7-Eleven Infringing Instrumentalities infringe one or more claims of the '610 Patent.

39.     7-Eleven's use, operation, provision, supply, distribution, offer for sale, sale and/or provision of access to the 7-Eleven Infringing Instrumentalities covered by the '610 Patent has been conducted without a license, authority or permission of Intelligent Agency.

40.     7-Eleven's unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to the 7-Eleven Infringing Instrumentalities, and methods and apparatuses covered by the '610 Patent, constitutes patent infringement under 35 U.S.C. § 271.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,439,035

41.     The allegations of the foregoing paragraphs are incorporated herein by reference.

42.     On information and belief, 7-Eleven operates a computer system having a set of instructions stored in at least one non-transitory computer-readable medium for controlling at least one digital computer in performing desired functions comprising a set of instructions formed into each of a plurality of modules.

43.     On information and belief, each of the modules comprises a set of processes.  The processes include a process for at least partially facilitating compiling by a computer apparatus a set of attributes related to a first user who belongs to a predetermined group and is determined to be positioned in proximity to other users who also belong to the predetermined group, whereby a set density of members of the predetermined group is achieved.

44.     On information and belief, the set of processes also includes at least a process for facilitating the providing of indicia, subject to the first user's settings, of at least one subset of the set of attributes related to the first user to at least a second user.  The second user is selected from the group consisting of: a user who contributes to achieving set density of members of the predetermined group, a user who does not contribute to achieving set density of members of the predetermined group.  The subset of the set of attributes comprises a real-time presence attribute associated with a session area.

45.     The 7-Eleven Apps and 7-Eleven Network infringe one or more claims of the '035 Patent.

46.     7-Eleven's use, operation, provision, supply, distribution, offer for sale, sale and/or provision of access to the 7-Eleven Infringing Instrumentalities covered by the '035 Patent has been conducted without a license, authority or permission of Intelligent Agency.

47.     7-Eleven's unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to the 7-Eleven Infringing Instrumentalities, and methods and apparatuses covered by the '035 Patent, constitutes patent infringement under 35 U.S.C. § 271.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 9,894,476

48.     The allegations of the foregoing paragraphs are incorporated herein by reference.

49.     On information and belief, 7-Eleven performs methods comprising facilitating discovery of indicia of a session area via a location aware mobile application.

50.     On information and belief, the session area has specific attributes. It is anchored to at least one reference point, exhibits at least one first set of spatial boundaries associated with the at least one reference point, and is associated with at least one time-related parameter defining at least one functionality connected with said session area.

51.     On information and belief, the discovery of indicia of the session area is facilitated, at least in part, based on assessment of distance data from the at least one reference point.

52.     On information and belief, the method performed by 7-Eleven further comprises the steps of facilitating association with the session area of at least one user among a first plurality of users based, at least in part, on a distance parameter from the at least one reference point, and facilitating selectively enabling the activation of a second plurality of users by an authority, wherein said activation facilitates the association of said second plurality of users with said first plurality of users.

53.     On information and belief, at least one interactive networking functionality for the at least one user among the first plurality of users is enabled. The at least one user among the

first plurality of users selectively receives indicia of at least one user among the second plurality of users.

54.    On information and belief, the method further comprises facilitating determining which user among the second plurality of users has the strongest connection with the reference point based, at least in part, on that user's location, and facilitating activating a timer associated with the one user among the second plurality of users such that if a task is not accomplished by the one user among the second plurality of users within the expiration of the timer, an association with the at least one user among the first plurality of users is inhibited, at least temporarily, and thus the quality of interactions between the first plurality of users and the second plurality of users is regulated.

55.    On information and belief, the method comprises the step of facilitating providing guidance indicia to the one user among the second plurality of users to facilitate a meeting with said at least one user among the first plurality of users.

56.    The 7-Eleven Apps and 7-Eleven Network infringe one or more claims of the '476 Patent.

57.    7-Eleven's use, operation, provision, supply, distribution, offer for sale, sale and/or provision of access to the 7-Eleven Infringing Instrumentalities covered by the '476 Patent has been conducted without a license, authority or permission of Intelligent Agency.

58.    7-Eleven's unauthorized and unlicensed use, operation, import, provision, supply, distribution, offer for sale, sale and/or provision of access to the 7-Eleven Infringing Instrumentalities, and methods and apparatuses covered by the '476 Patent, constitutes patent infringement under 35 U.S.C. § 271.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by a jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Intelligent Agency respectfully requests that this Court enter:

a.    A judgment in favor of Intelligent Agency that 7-Eleven has infringed the '610

Patent;

    b.      A judgment in favor of Intelligent Agency that 7-Eleven has infringed the '035 Patent;

    c.      A judgment in favor of Intelligent Agency that 7-Eleven has infringed the '476 Patent;

    d.      A permanent injunction enjoining 7-Eleven and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Intelligent Agency Patents;

    e.      A judgment and order requiring 7-Eleven to pay Intelligent Agency its damages, costs, expenses, and pre-judgment and post-judgment interest for 7-Eleven's infringement of the Intelligent Agency Patents as provided under 35 U.S.C. § 284;

    f.      An award to Intelligent Agency for enhanced damages resulting from the knowing and deliberate nature of 7-Eleven's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

    g.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Intelligent Agency its reasonable attorneys' fees; and

    h.      Any and all other relief to which Intelligent Agency may show itself to be entitled.

Dated:  March 6, 2020          Respectfully Submitted,

              By: /s/ Kenneth Thomas Emanuelson
                  Kenneth Thomas Emanuelson
                  Texas State Bar No. 24012591
                  THE EMANUELSON FIRM
                  17304 Preston Road, Suite 800
                  Dallas, Texas 75252
                  469-363-5808
                  Ken@Emanuelson.us

                  **ATTORNEY FOR PLAINTIFF**
                  **INTELLIGENT AGENCY, LLC**